IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK ALLEN WOOD | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-08-CV-2283-N |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Mark Allen Wood, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

In 1986, petitioner was released to parole after serving more than 13 years of a life sentence for murder with malice. Petitioner remained on parole until August 15, 2002, when he was returned to TDCJ custody for an unspecified violation. Over the last seven years, petitioner has been reviewed for parole three times--in 2003, 2005, and 2007. The parole board voted to deny petitioner release on all three occasions, and scheduled his next review for April 2010. Petitioner challenged these parole decisions and his new set-off date in an application for state post-conviction relief. The application was denied without written order. *Ex parte Wood*, WR-05,806-02 (Tex. Crim. App. Oct. 1, 2008). Petitioner then filed this action in federal district court.

II.

In two related grounds, petitioner contends that the retroactive application of Tex. Gov't Code § 508.141(g) and Tex. Admin. Code § 145.12, the statute and regulation which allow the parole board to set-off a review date for up to five years, and Tex. Gov't Code Ann. § 508.046, the statute requiring two-thirds of the parole board to vote in favor of releasing an inmate who has been convicted of a capital offense, are unconstitutional.

A.

A state prisoner does not have a federal constitutional right to obtain release prior to the expiration of his sentence. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979); *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 736 (1996) (no constitutional right to early release on parole). However, retroactive changes in state parole laws may, in some instances, have *ex post facto* implications. *See Garner v. Jones*, 529 U.S. 244, 250, 120 S.Ct. 1362, 1367, 146 L.Ed.2d 236 (2000). In the parole context, a change in the law violates the *ex post facto* clause of the United States Constitution if it "alters the definition of criminal conduct or increases the penalty by which a crime is punishable." *Chambers v. Dretke*, No. H-05-2238, 2005 WL 2045460 at *1 (S.D. Tex. Aug. 24, 2005), *citing California Dept. of Corrections v. Morales*, 514 U.S. 499, 506 n.3, 115 S.Ct. 1597, 1602 n.3, 131 L.Ed.2d 588 (1995).

B.

The parole law in effect in 1972, the date petitioner committed the underlying murder offense, provided, in pertinent part:

> Within one year after a prisoner's admittance to the penal or correctional institution and at such intervals thereafter, as it may determine, the [Parole] Board shall secure and consider all pertinent

> information regarding each prisoner, except any under sentence of death, including the circumstances of his offenses, his previous social history and criminal record, his conduct, employment and attitude in prison, and the report of such physical and mental examinations as have been made.

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 15(e) (Vernon 1967), *repealed by* Acts 1985, 69th Leg., ch. 427, § 1, *eff.* Sept. 1, 1985. As the Fifth Circuit has noted, article 42.12, § 15(e) did not mandate an annual review of parole eligibility.[1] *See Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Creel v. Kyle*, 42 F.3d 955, 957 (5th Cir.), *cert. denied*, 115 S.Ct. 1706 (1995). Instead, the statute required only that the parole board grant review to a prisoner within one year of his admittance to a penal institution. *See Creel*, 42 F.3d at 957. After the initial review, the parole board had full discretion to determine the frequency of further reviews. *Id.*

Senate Bill 917, which is codified at Tex. Gov't Code § 508.141(g), and Tex. Admin. Code § 145.12, do not negatively affect petitioner's eligibility for parole review. Under the new Government Code provision:

> The board shall adopt a policy establishing the date on which the board may reconsider for release an inmate who has previously been denied release. The policy must require the board to reconsider for release an inmate serving a sentence for an offense listed in Section 508.149(a) during a month designated by the parole panel that denied release. The designated month must begin after the first anniversary of the date of the denial and end before the fifth anniversary of the date of the denial. The policy must require the board to reconsider for release an inmate other than an inmate serving a sentence for an offense listed in Section 508.149(a) as soon as practicable after the first anniversary of the date of the denial.

---

[1] In his brief, petitioner cites two provisions of a TDCJ handbook which purportedly mandate annual parole reviews. (*See* Pet. Br. at 7-8). One provision, section 7.3.1, authorizes the parole board to reset a review date "for one (1) year from the date recommended if the inmate has eighteen (18) months or more left" on his sentence. TDCJ Grievance Handbook § 7.3.1 (1978). The other provision, section 7.3.2, requires the parole board to schedule an initial review within one year of the date the inmate is returned to TDCJ custody. *Id.* § 7.3.2. Neither provision cited by petitioner mandates annual reviews by the parole board.

TEX. GOV'T CODE ANN. § 508.141(g) (Vernon 2007).[2] The policy adopted by the parole board pursuant to this statute provides, in relevant part:

> A case reviewed by a parole panel for parole consideration may be:
>
> * * * *
>
> denied a favorable parole action at this time and set for review on a future specific month and year (Set-Off). The next review date (Month/Year) for an offender serving a sentence listed in § 508.149(a), Government Code, may be set at any date after the first anniversary of the date of denial and end before the fifth anniversary of the date of denial. The next review date for an offender serving a sentence not listed in § 508.149(a), Government Code, shall be as soon as practicable after the first anniversary of the denial.

37 TEX. ADMIN. CODE ANN. § 145.12(2) (Vernon 2007). Neither Tex. Gov't Code § 508.141(g) nor Tex. Admin. Code § 145.12 violate the *ex post facto* clause. Rather, these new laws "merely change[] the rules governing the timing of subsequent parole reviews." *Chambers*, 2005 WL 2045460 at *2; *see also Webb v. Quarterman*, No. 3-06-CV-2259-D, 2007 WL 4166159 at *2 (N.D. Tex. Sept. 13, 2007), *rec. adopted*, 2007 WL 4165716 (N.D. Tex. Nov. 21, 2007), *COA denied*, No. 07-11241 (5th Cir. May 29, 2008); *Mondy v. Quarterman*, No. 3-06-CV-2314-P, 2007 WL 30263 at *2 (N.D. Tex. Jan. 4, 2007), *COA denied*, No. 07-10189 (5th Cir. Jul. 19, 2007). The only difference between the prior law and the new law is that the board must now conduct a parole review at least every five years--a change that is more favorable to petitioner. This ground for relief should be overruled.

### C.

Petitioner further contends that the retroactive application of Tex. Gov't Code Ann. § 508.046 violates the *ex post facto* clause of the United States Constitution. This statute, which became effective in 1997, provides, in pertinent part:

---

[2] Petitioner is serving a life sentence for murder, which is an offense listed under Tex. Gov't Code § 508.149(a).

> To release on parole an inmate who was convicted of a capital felony or an offense under Section 21.11(a)(1) or 22.021, Penal Code, or who is required under Section 508.145(c) to serve 35 calendar years before becoming eligible for release on parole, all members of the board must vote on the release on parole of the inmate, and at least two-thirds of the members must vote in favor of the release on parole. A member of the board may not vote on the release unless the member first receives a copy of a written report from the department on the probability that the inmate would commit an offense after being released on parole.

TEX. GOV'T CODE ANN. § 508.046 (Vernon 2004). Prior to 1997, the Texas parole board acted in panels of three, with two votes required to grant parole. Under the new law, at least two-thirds of the entire parole board, which now consists of seven members, must vote in favor of releasing prisoners, like petitioner, who have been convicted of capital offenses and other specified felonies.[3] *See Kyles v. Quarterman*, 291 Fed.Appx. 612, 613, 2008 WL 4111405 at *1 (5th Cir. Aug. 27, 2008), *cert. denied*, 129 S.Ct. 1011 (2009), *citing Wallace v. Quarterman*, 516 F.3d 351, 354-56 (5th Cir. 2008) (discussing changes in Texas parole laws). Petitioner argues that the retroactive application of section 508.046 "makes the prospect of parole more remote" and effectively "increas[es] the measure of punishment" attached to his crime. (*See* Pet. Br. at 3-4).

The Fifth Circuit has held that the retroactive application of section 508.046 does not facially violate the *ex post facto* clause. *See Wallace*, 516 F.3d at 354-56. However, this change in the parole procedure may have *ex post facto* implications if the prisoner can show that the retroactive application of the statute creates a sufficient risk of increased confinement. *See Kyles*, 2008 WL 4111405 at *1, *citing Wallace*, 516 F.3d at 356. This, in turn, requires proof that the "retroactive application will result in a longer period of incarceration than under the earlier rule." *Wallace*, 516

---

[3] Although the statute was amended in 2005 to exclude inmates convicted of capital felonies from the "extraordinary vote" requirement, that amendment applies only to offenses committed on or after September 1, 2005. *See* Acts 2005, 79th Leg., ch. 787, §§ 3 & 17, *eff.* Sept. 1, 2005.

F.3d at 356, *quoting Garner*, 120 S.Ct. at 1370. Here, petitioner does not allege, much less prove, that he would have received at least two votes in favor of release, regardless of the size of the parole panel. Without such evidence, his prospects for obtaining release under the prior parole law are merely speculative. *See Goodwin v. Dretke*, 150 Fed.Appx. 295, 300, 2005 WL 2404791 at *4 (5th Cir. Sept. 29, 2005) (rejecting *ex post facto* challenge to Texas parole procedure requiring super majority vote of entire parole board because prisoner failed to prove that results would have been different under the prior law).[4]

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 12, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[4] In his reply, petitioner argues for the first time that the underlying murder offense is not a capital felony and, therefore, not subject to the procedures set forth in article 508.046. (*See* Pet. Reply at 4). Not only is this claim unexhausted, but the Texas Court of Criminal Appeals has repeatedly observed that "murder with malice" is a capital offense. *See, e.g. Tezeno v. State*, 484 S.W.2d 374 (Tex. Crim. App. 1972); *Bradley v. State*, 456 S.W.2d 923, 924 n.1 (Tex. Crim. App. 1970); *Ex parte Padgett*, 278 S.W.2d 865, 866 (Tex. Crim. App. 1955).